IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER TOPIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO: 1:24-cv-01819-ELR |
| STEPHANIE N. RIVIELLO, | ) | |
| ALEKSANDAR MIMIC, BILJANA | ) | |
| MIMIC, KORDUN EXPRESS, INC., | ) | |
| EGO EXPRESS, INC., FREE SPIRIT, | ) | |
| TRANSPORTATION, LLC, | ) | |
| NATIONAL CONTINENTAL | ) | |
| INSURANCE COMPANY, JOHN | ) | |
| DOES 1-5 and XYZ | ) | |
| CORPORATIONS 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND ADDITIONAL DEFENSES OF DEFENDANT**

COMES NOW, Defendant, Ego Express, Inc. by counsel and for its Answer to Plaintiff's Complaint, states as follows:

FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action against this Defendant upon which relief can be granted and Defendant therefore moves to dismiss said action.

SECOND DEFENSE

No act or omission of this Defendant either proximately caused or contributed to all damages claimed by the Plaintiff, and on account thereof, Plaintiff is not entitled to recover all sums demanded of this Defendant.

## THIRD DEFENSE

The occurrence complained of was caused, produced, and brought about directly and proximately by the negligence of Plaintiff, and on account thereof, Plaintiff is not entitled to recover any sum of this Defendant.

## FOURTH DEFENSE

The occurrence complained of was caused, produced, and brought about directly and proximately by the negligence of some other person or persons for whom this Defendant was not responsible and, on account thereof, Plaintiff is not entitled to recover any sum of this Defendant.

## FIFTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided being injured, and on account thereof, Plaintiff is not entitled to recover any sum of this Defendant.

## SIXTH DEFENSE

The negligence of Plaintiff equaled or preponderated over any act or omission of this Defendant in producing and bringing about the occurrence complained of, and on account thereof, Plaintiff is not entitled to recover any sum of this Defendant.

## SEVENTH DEFENSE

Service and Service of process is insufficient as to this Defendant and, as a result thereof, Plaintiff's Complaint must be dismissed.

## EIGHTH DEFENSE

Plaintiff is barred from bringing the instant action by the applicable statute of

limitations.

## NINTH DEFENSE

The Complaint, to the extent that it seeks punitive or exemplary damages, violates the Defendant's right to protection from excessive fines as provided in the 8th Amendment of the Constitution of the United States, violates the Defendant's right to substantive due process as provided in the 5th Amendment and 14th Amendment of the United States Constitution, and therefore fails to state a cause of action supporting punitive damages.

## TENTH DEFENSE

There is no basis in the Complaint for punitive damages; therefore, such claim should be dismissed.

## ELEVENTH DEFENSE

All claims for punitive damages in the Complaint violate the Constitution of the State of Georgia in the due process clause of the 14th Amendment of the United States Constitution because Georgia law does not restrict an award of punitive damages to a reasonable relationship to any compensatory damages allowed, it allows punitive damages to awarded based on nominal damages only, and it allows punitive damages be awarded under an evidentiary standard which is less than beyond a reasonable doubt.

TWELFTH DEFENSE

Plaintiff's claims for punitive damages violate the United State Supreme Court holding and *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513 (U.S. 2003).

THIRTEENTH DEFENSE

Defendant responds to each enumerated allegation in Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

1.

Defendant can neither admit nor deny the allegations set forth in Paragraph 1, as it is without sufficient knowledge as to the truth of the averments therein.

2.

Defendant can neither admit nor deny the allegations set forth in Paragraph 2, as it is without sufficient knowledge as to the truth of the averments therein.

3.

Defendant can neither admit nor deny the allegations set forth in Paragraph 3, as it is without sufficient knowledge as to the truth of the averments therein.

4.

Defendant can neither admit nor deny the allegations set forth in Paragraph 4, as it is without sufficient knowledge as to the truth of the averments therein.

5.

Defendant can neither admit nor deny the allegations set forth in Paragraph 5, as it is without sufficient knowledge as to the truth of the averments therein.

6.

Defendant can neither admit nor deny the allegations set forth in Paragraph 6, as it is without sufficient knowledge as to the truth of the averments therein.

7.

Defendant can neither admit nor deny the allegations set forth in Paragraph 7, as it is without sufficient knowledge as to the truth of the averments therein.

8.

Defendant can neither admit nor deny the allegations set forth in Paragraph 8, as it is without sufficient knowledge as to the truth of the averments therein.

9.

Defendant can neither admit nor deny the allegations set forth in Paragraph 9, as it is without sufficient knowledge as to the truth of the averments therein.

10.

Defendant can neither admit nor deny the allegations set forth in Paragraph 10, as it is without sufficient knowledge as to the truth of the averments therein.

11.

Defendant can neither admit nor deny the allegations set forth in Paragraph 11, as it is without sufficient knowledge as to the truth of the averments therein.

12.

Defendant can neither admit nor deny the allegations set forth in Paragraph 12, as it is without sufficient knowledge as to the truth of the averments therein.

13.

Defendant can neither admit nor deny the allegations set forth in Paragraph 13, as it is without sufficient knowledge as to the truth of the averments therein.

14.

Defendant can neither admit nor deny the allegations set forth in Paragraph 14, as it is without sufficient knowledge as to the truth of the averments therein.

15.

Defendant denies the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant admits the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant can neither admit nor deny the allegations set forth in Paragraph 19, as it is without sufficient knowledge as to the truth of the averments therein.

20.

Defendant can neither admit nor deny the allegations set forth in Paragraph 20, as it is without sufficient knowledge as to the truth of the averments therein.

21.

Defendant can neither admit nor deny the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant can neither admit nor deny the allegations set forth in Paragraph 22, as it is without sufficient knowledge as to the truth of the averments therein.

23.

Defendant can neither admit nor deny the allegations set forth in Paragraph 23, as it is without sufficient knowledge as to the truth of the averments therein.

24.

Defendant admits the allegations set forth within Paragraph 24 of Plaintiff's Complaint.

25.

Defendant states Paragraph 25 calls for a legal conclusion or contention as to which no response is required. Subject to, Defendant admits a duty to comply with

state and federal law and is without knowledge as to the remainder of Paragraph 25 of Plaintiff's Complaint.

26.

Defendant states Paragraph 26 calls for a legal conclusion or contention as to which no response is required. Subject to, Defendant admits there was an insurance policy issued to Kordun Express. Defendant is without knowledge as to the remainder of Paragraph 26 of Plaintiff's Complaint.

27.

Defendant states Paragraph 27 calls for a legal conclusion or contention as to which no response is required. Subject to, Defendant admits there is an insurance policy that covers this loss.

28.

Defendant admits there is an insurance policy issued to Kordun Express.

29.

Defendant admits there is an insurance policy issued to Kordun Express.

30.

Defendant admits the allegations set forth within Paragraph 30 of Plaintiff's Complaint.

31.

Defendant can neither admit nor deny the allegations set forth in Paragraph 31, as it is without sufficient knowledge as to the truth of the averments therein.

32.

Defendant denies any negligent conduct but admits insurance through National Continental Insurance Company.

33.

Defendant denies any negligent conduct but admits insurance through National Continental Insurance Company.

34.

Defendant denies the allegations set forth within Paragraph 34 of Plaintiff's Complaint.

35.

Defendant denies the allegations set forth within Paragraph 35 of Plaintiff's Complaint.

36.

Defendant can neither admit nor deny the allegations set forth in Paragraph 36, as it is without sufficient knowledge as to the truth of the averments therein.

37.

Defendant can neither admit nor deny the allegations set forth in Paragraph 37, as it is without sufficient knowledge as to the truth of the averments therein.

38.

Paragraph 38 calls for a legal conclusion or contention as to which no response is required. Subject to, Defendant can neither admit nor deny the allegations set forth

in Paragraph 38, as it is without sufficient knowledge as to the truth of the averments therein.

39.

Paragraph 39 calls for a legal conclusion or contention as to which no response is required. Subject to, Defendant can neither admit nor deny the allegations set forth in Paragraph 39, as it is without sufficient knowledge as to the truth of the averments therein.

40.

Defendant can neither admit nor deny the allegations set forth in Paragraph 40, as it is without sufficient knowledge as to the truth of the averments therein.

41.

Defendant can neither admit nor deny the allegations set forth in Paragraph 41, as it is without sufficient knowledge as to the truth of the averments therein.

42.

Defendant can neither admit nor deny the allegations set forth in Paragraph 42, as it is without sufficient knowledge as to the truth of the averments therein.

43.

Defendant can neither admit nor deny the allegations set forth in Paragraph 43, as it is without sufficient knowledge as to the truth of the averments therein.

44.

Defendant can neither admit nor deny the allegations set forth in Paragraph 44, as it is without sufficient knowledge as to the truth of the averments therein.

45.

Defendant can neither admit nor deny the allegations set forth in Paragraph 45, as it is without sufficient knowledge as to the truth of the averments therein.

46.

Defendant can neither admit nor deny the allegations set forth in Paragraph 46, as it is without sufficient knowledge as to the truth of the averments therein.

47.

Defendant can neither admit nor deny the allegations set forth in Paragraph 47, as it is without sufficient knowledge as to the truth of the averments therein.

48.

Defendant can neither admit nor deny the allegations set forth in Paragraph 48, as it is without sufficient knowledge as to the truth of the averments therein.

## **FACTUAL ALLEGATIONS**

49.

Defendant can neither admit nor deny the allegations set forth in Paragraph 49, as it is  without sufficient knowledge as to the truth of the averments therein.

50.

Defendant denies the allegations set forth within Paragraph 50 of Plaintiff's Complaint as it relates to this defendant.

51.

Defendant denies the allegations set forth within Paragraph 51 of Plaintiff's Complaint.

52.

Defendant denies the allegations set forth within Paragraph 52 of Plaintiff's Complaint.

53.

Defendant denies the allegations set forth within Paragraph 53 of Plaintiff's Complaint.

54.

Defendant denies the allegations of Paragraph 54 of Plaintiff's Complaint as it relates to this defendant.

55.

Defendant denies the allegations set forth within Paragraph 55 of Plaintiff's Complaint.

56.

Defendant denies the allegations set forth within Paragraph 56 of Plaintiff's Complaint.

57.

Defendant denies the allegations set forth within Paragraph 57 of Plaintiff's Complaint.

58.

Defendant denies the allegations set forth within Paragraph 58 of Plaintiff's Complaint.

59.

Defendant denies the allegations set forth within Paragraph 59 of Plaintiff's Complaint.

60.

Defendant denies the allegations set forth within Paragraph 60 of Plaintiff's Complaint.

61.

Defendant denies the allegations set forth within Paragraph 61 of Plaintiff's Complaint.

62.

Defendant denies the allegations set forth within Paragraph 62 of Plaintiff's Complaint.

## COUNT I – NEGLIGENCE OF DEFENDANT RIVIELLO AND/OR JOHN DOES 1-5

63.

Responding to Count I, Paragraph 63 of Plaintiff's Complaint, Defendant reiterates and adopts defenses, responses and contentions contained in Paragraphs 1 through 62 of Defendant's Answer to Plaintiff's Complaint.

64.

Defendant can neither admit nor deny the allegations set forth in Paragraph 64, as they are without sufficient knowledge as to the truth of the averments therein.

65.

Defendant can neither admit nor deny the allegations set forth in Paragraph 65, as they are without sufficient knowledge as to the truth of the averments therein.

66.

Defendant denies the allegations set forth within Paragraph 66 of Plaintiff's Complaint.

67.

Defendant denies the allegations set forth within Paragraph 67 of Plaintiff's Complaint.

## COUNT II: NEGLIGENCE OF DEFENDANTS KORDUN EXPRESS, EGO EXPRESS, ALEKSANDAR, BILJANA, AND FREE SPIRIT

68.

Responding to Count II, Paragraph 68 of Plaintiff's Complaint, Defendant reiterates and adopts defenses, responses and contentions contained in Paragraphs 1 through 67 of Defendant's Answer to Plaintiff's Complaint.

69.

Defendant denies the allegations set forth within Paragraph 69 of Plaintiff's Complaint.

70.

Defendant denies the allegations set forth within Paragraph 70 of Plaintiff's Complaint.

71.

Defendant denies the allegations set forth within Paragraph 71 of Plaintiff's Complaint.

72.

Defendant denies the allegations set forth within Paragraph 72 of Plaintiff's Complaint.

73.

Defendant denies the allegations set forth within Paragraph 73 of Plaintiff's Complaint.

74.

Defendant denies the allegations set forth within Paragraph 74 of Plaintiff's Complaint.

75.

Defendant denies the allegations set forth within Paragraph 75 of Plaintiff's Complaint.

76.

Defendant denies the allegations set forth within Paragraph 76 of Plaintiff's Complaint.

77.

Defendant denies the allegations set forth within Paragraph 77 of Plaintiff's Complaint.

78.

Defendant denies the allegations set forth within Paragraph 78 of Plaintiff's Complaint.

79.

Defendant denies any liability to the Plaintiff and any breach of duty. Defendant admits that to the extent Plaintiff is awarded damages National Continental would be liable for said damages pursuant to the law and under the terms of the insurance contract.

## COUNT III – LIABILITY OF DEFENDANT NATIONAL CONTINENTAL INSURANCE COMPANY

80.

Responding to Count III, Paragraph 80 of Plaintiff's Complaint, Defendant reiterates and adopts defenses, responses and contentions contained in Paragraphs 1 through 79 of Defendant's Answer to Plaintiff's Complaint.

81.

Defendant can neither admit nor deny the allegations set forth in Paragraph 81, as they are without sufficient knowledge as to the truth of the averments therein.

82.

Defendant can neither admit nor deny the allegations set forth in Paragraph 82, as they are without sufficient knowledge as to the truth of the averments therein.

83.

Defendant can neither admit nor deny the allegations set forth in Paragraph 83, as they are without sufficient knowledge as to the truth of the averments therein.

84.

Defendant can neither admit nor deny the allegations set forth in Paragraph 84, as they are without sufficient knowledge as to the truth of the averments therein.

85.

Defendant denies Paragraph 85 as Defendant denies there was an accident with Plaintiff.

86.

Defendant denies the allegations set forth within Paragraph 86 of Plaintiff's Complaint.

## COUNT IV: COMBINED AND CONCURRING LIABILITY FOR COMPENSATORY DAMAGES AGAINST DEFENDANT RIVIELLO AND/OR JOHN DOES 1-5, AND DEFENDANTS KORDUN EXPRESS, EGO EXPRESS, ALEKSANDAR, BILJANA AND FREE SPIRIT

87.

Responding to Count IV, Paragraph 87 of Plaintiff's Complaint, Defendant reiterates and adopts defenses, responses and contentions contained in Paragraphs 1 through 86 of Defendant's Answer to Plaintiff's Complaint.

88.

Defendant denies the allegations set forth within Paragraph 88 of Plaintiff's Complaint.

89.

Defendant denies the allegations set forth within Paragraph 89 of Plaintiff's Complaint.

90.

Defendant denies the allegations set forth within Paragraph 90 of Plaintiff's Complaint.

## COUNT V: DAMAGES

91.

Defendant denies the allegations set forth within Paragraph 91 of Plaintiff's Complaint.

## COUNT VI: PUNITIVE DAMAGES AGAINST DEFENDANT RIVIELLO AND/OR JOHN DOES 1-5 AND DEFENDANTS KORDUN EXPRESS, EGO EXPRESS, ALEKSANDAR, BILJANA, AND FREE SPIRIT

92.

Responding to Count VI, Paragraph 92 of Plaintiff's Complaint, Defendant reiterates and adopts defenses, responses and contentions contained in Paragraphs 1 through 91 of Defendant's Answer to Plaintiff's Complaint.

93.

Defendant denies the allegations set forth within Paragraph 93 of Plaintiff's Complaint.

94.

Defendant denies the allegations set forth within Paragraph 94 of Plaintiff's Complaint.

95.

Defendant denies the allegations set forth within Paragraph 95 of Plaintiff's Complaint.

96.

Defendant denies the allegations set forth within Paragraph 96 of Plaintiff's Complaint.

97.

Defendant denies the allegations set forth within Paragraph 97 of Plaintiff's Complaint.

FOURTEENTH DEFENSE

All allegations not heretofore responded to are hereby expressly denied.

FIFTEENTH DEFENSE

While Plaintiff's prayer requires no response, Defendant denies that Plaintiff is entitled to any recovery.

WHEREFORE, having fully answered, Defendant requests that this Complaint be dismissed and that all cost be taxed upon the Plaintiff.

Respectfully submitted, this 24th day of May, 2024.

FAIN, MAJOR & BRENNAN, P.C.

*/s/ Robyn M. Roth*

ROBYN M. ROTH
Georgia Bar No. 153025
Counsel for Defendant Stephanie N. Riviello, Kordun Express, Inc., Ego Express, Inc., and National Continental Insurance Company

One Premier Plaza
5605 Glenridge Drive NE
Suite 900
Atlanta, GA  30342
(404) 688-6633
rroth@fainmajor.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER TOPIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO: 1:24-cv-01819-ELR |
| STEPHANIE N. RIVIELLO, | ) | |
| ALEKSANDAR MIMIC, BILJANA | ) | |
| MIMIC, KORDUN EXPRESS, INC., | ) | |
| EGO EXPRESS, INC., FREE SPIRIT, | ) | |
| TRANSPORTATION, LLC, | ) | |
| NATIONAL CONTINENTAL | ) | |
| INSURANCE COMPANY, JOHN | ) | |
| DOES 1-5 and XYZ | ) | |
| CORPORATIONS 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the foregoing ***Answer and Additional Defenses of Defendant Ego Express, Inc.*** with the Clerk of Court using *Odyssey eFileGA* which will automatically send e-mail notification of such filing to all parties of record and/or by depositing a copy of same with the United States Postal Service, with first class postage prepaid, as follows:

J. Harmon Groves, Esq.
H. Groves Law, LLC
286 Green Hill Road, NE
Atlanta, GA 30342
harmon@hgroveslaw.com

Respectfully submitted, this 24th day of May, 2024.

**FAIN, MAJOR & BRENNAN, P.C.**

*/s/ Robyn M. Roth*

One Premier Plaza
5605 Glenridge Drive NE
Suite 900
Atlanta, GA  30342
(404) 688-6633
rroth@fainmajor.com

ROBYN M. ROTH
Georgia Bar No. 153025
Counsel for Defendant Stephanie N. Riviello, Kordun Express, Inc., Ego Express, Inc., and National Continental Insurance Company